**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **ALSI HOLDINGS, LLC.,** | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | Case No._____ |
| **CURRENT LIGHTING SOLUTIONS, LLC,** **d/b/a GE CURRENT, A DAINTREE** **COMPANY**, | |
| Defendant. | |

## COMPLAINT

Plaintiff ALSI Holdings, Inc. ("ALSI") for its Complaint against Defendant Current

Lighting Solutions, LLC, d/b/a GE Current, A Daintree Company ("Current"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action brought by ALSI for infringement of U.S. Patent No. 9,049,753

(the "'753 patent"); U.S. Patent No. 9,699,854 (the "'854 patent"); U.S. Patent No. 8,322,881 (the

"'881 patent"); U.S. Patent No. 8,186,855 (the "'855 patent"); U.S. Patent No. 8,721,114 (the

"'114 patent"); U.S. Design Pat. No. D612,088 (the "'088 patent"); and U.S. Design Patent No.

D650,508 (the "'508 patent") (collectively, the "Asserted Patents"), arising under the patent laws

of the United States, 35 U.S.C. §§ 271 and 281.

### PARTIES

2.      ALSI is a limited liability company organized and existing under the laws of the

Commonwealth of Pennsylvania with its principal place of business at 1000 Fawn Valley Drive,

Canonsburg, Pennsylvania.  ALSI owns 100% of the stock of Appalachian Lighting Systems, Inc.

("Appalachian"), the developer and licensee of the patented technology at issue in this case.

3.     Appalachian was founded in 2007 by inventor and businessman James J. Wassel ("Wassel"), a pioneer in the creation and design of energy efficient and highly advanced solid state lighting solutions for outdoor and indoor applications.

4.     Appalachian traces its origins to a cooperative arrangement with Ellwood City, Pennsylvania in 2006, when borough officials agreed to allow Wassel to place a streetlight on one of the borough poles as an experiment. Ellwood City later changed all of its 796 streetlights to Appalachian devices.

5.     Appalachian today continues to develop energy-efficient and highly advanced solid state lighting solutions for small and large area outdoor/indoor applications including parking garage/lot, street/area and high/low bay warehouse areas. The company designs, engineers, and manufactures all of its products in its Elwood City headquarters.

6.     Wassel is the primary inventor on all of the Asserted Patents and serves as Appalachian's Chief Science Officer.

7.     Appalachian's technology developments focus on two core areas:  (a) wireless controls and energy monitoring for LED lighting applications, and (b) LED fixture design, including reflective optics and thermal management.  On the strength of Wassel's technological innovations, Appalachian secured contracts for major LED lighting installations across the United States and Canada between 2007 and 2015. During this period, ALSI capitalized on its patented, high quality product designs and press attention it received from large LED installation projects, including at the Pittsburgh International Airport and in Niagara Falls and Welland, Ontario, Canada.

8. In 2013, Appalachian was singled out as one of Pittsburgh's "Top 10 Tech Companies to Watch," and in 2015, LEDs Magazine nominated Appalachian's for its "Sapphire Award" in industrial indoor solid-state lighting.

9. The industry praise drove Appalachian's sales and drew the attention of major U.S. and foreign LED lighting manufacturers, along with offers from competitors to license Appalachian's technology.

10. In 2016, low cost foreign knockoffs and rampant copying of Appalachian's products by larger U.S. firms took a toll on Appalachian's business.

11. Despite consolidating its product offerings and streamlining its work force, Appalachian faced a sudden capital shortfall at the end of 2017. Rather than shuttering its operations, ALSI sought Chapter 11 bankruptcy protection in late 2017, with the goal of reorganizing itself as a manufacturer of custom engineered LED lighting products and leveraging Wassel's expansive array of LED lighting inventions.

12. On information and belief, Current is a limited liability company organized and existing under the laws of Delaware located at 1975 Noble Road, Cleveland, Ohio 44112. Current may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

13. This action arises under 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Current in this action because Current has committed acts within this District giving rise to this action, and Current has established minimum contacts with this forum such that the exercise of jurisdiction over Current would not offend

traditional notions of fair play and substantial justice. Current, directly and through subsidiaries or intermediaries, has conducted business and committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products and providing services that infringe the Asserted Patents, and/or has induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

15.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

16.     ALSI incorporates herein the allegations contained in the preceding paragraphs 1-15. Upon information and belief, Current has a regular and established physical presence in the district, including, but not limited to, ownership of or control over property, inventory, or infrastructure. On information and belief, Current maintains an office and product distribution facility in this District, including a location at 103 Jessica Lane, Del Rio, TX 78840.

<b><u>THE ASSERTED PATENTS</u></b>

17.     The '753 Patent, entitled "Lighting Device Monitor and Communication Apparatus," was duly and legally issued by the U.S. Patent and Trademark Office on June 2, 2015. A true and correct copy of the '753 Patent is attached hereto as Exhibit A.

18.     The '855 Patent, entitled "LED Lamp Apparatus and Method of Making an LED Lamp Apparatus," was duly and legally issued by the U.S. Patent and Trademark Office on May 9, 2012. A true and correct copy of the '855 Patent is attached hereto as Exhibit B.

19.     The '854 Patent, entitled "Lighting Fixture," was duly and legally issued by the U.S. Patent and Trademark Office duly July 4, 2017. A true and correct copy of the '854 Patent is attached hereto as Exhibit C.

20.     The '881 Patent, entitled "Lighting Fixture," was duly and legally issued by the U.S. Patent and Trademark Office on December 4, 2012.  A true and correct copy of the '881 Patent is attached hereto as Exhibit D.

21.     The '114 Patent, entitled "LED Lamp Apparatus and Method of Making an LED Lamp Apparatus," was duly and legally issued by the U.S. Patent and Trademark Office on May 13, 2014. A true and correct copy of the '114 Patent is attached hereto as Exhibit E.

22.     The '088 Patent, entitled "ARC Light," was duly and legally issued by the U.S. Patent and Trademark Office on March 16, 2010. A true and correct copy of the '088 Patent is attached hereto as Exhibit F.

23.     The '508 Patent, entitled "Faceted ARC Light," was duly and legally issued by the U.S. Patent and Trademark Office on December 13, 2011. A true and correct copy of the '508 Patent is attached hereto as Exhibit G.

24.     ALSI is the current owner and assignee of the entire Appalachian Lighting portfolio of patents, including but not limited to the Asserted Patents.

25.     The claims of the Asserted Patents are valid and enforceable.

26.     As described in more detail below, Current infringes the Asserted Patents by making, using, selling, importing, and offering to sell LED lighting devices and LED lighting control systems and components, and all like products, collectively "the Accused Products," in Texas and throughout the United States.

## COUNT 1

**(Infringement of U.S. Pat. No. 9,049,753)**

27.     ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

28.     Current has infringed and continue to infringe one or more claims of the '753 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).   Current has actively induced infringement of the '753 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).  Current has also contributed to the infringement of the '753 Patent and continues to contribute to the infringement of the '753 Patent in violation of 35 U.S.C. §271(c).

29.     Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1of the '753 Patent at least by making, using, offering to sell, importing, and/or selling wireless lighting controls systems, including at least "Daintree Networked" wireless lighting controls.   For example, upon information and belief, Current manufactures, imports, sells and offers to sell Daintree Networked lighting controls, including at least the Daintree WAC 60 Wireless Area Controller ("WAC 60"), the Daintree WA100-PM Wireless Adapter ("WA100 PM", and similar infringing wireless lighting controls (collectively, "Daintree Controls") in the Unites States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the Daintree Controls in the United States with knowledge that the Daintree Controls infringe the '753 Patent.  ALSI provided direct notice of Current's infringement of the '753 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the Daintree Controls in this district and, to the extent that it continues to do so after being served with this Complaint, does so with the knowledge that the use of the Daintree Controls infringe and with the intent for its customers to use the Daintree Controls in an infringing manner.

30.     The Daintree Controls are a light fixture monitoring and communication devices that satisfies each of the limitations of at least claim 1 of the '753 Patent.

31.     For example, the WA100-PM is a monitor for monitoring an operational characteristic of a light source comprised in the light fixture.  The WA100-PM "monitors and measures the power consumption of the connected lighting load and reports power measurement data to Daintree Controls Software." (https://www.gecurrent.com/controls-sensors/indoor-wireless-controls/daintree-wa100-pm)

32.     The WA 100-PM includes a communication component ("DT357") circuitably positioned between the WA100-PM's AC power inputs and its 24-Volt DC outputs that connects to Current's LED lighting fixtures as shown in the photo below and in GE's wiring diagrams.



**120-277 Volt AC Input**                    **24 Volt DC Output**

33.     The DT357 is a wireless transmitter. i.e., an "RF transceiver that operates in both a "transmit mode" and a "receive mode." (https://fccid.io/Z6G-DT357/User-Manual/Users-Manual-1615231).

34.     The DT357 is capable of operating in a "wireless mesh network," i.e., transmitting communications wirelessly. (*Id.*).  Consistent with these capabilities, Current advertises the WA100-PM device as a "communication router in the Zigbee wireless mesh network" that "transmits and receives messages" over a "wireless network."

(https://images.salsify.com/images/zpkh1lpbqtcvf06zwfly/DT113-Current-Daintree-Wireless-Fixture-Adapter-WA100-PM-Install%20Sheet.pdf)).

35.     The WA100-PM transmits operational characteristics of the light fixture to the WAC 60, including power consumption information.  The WAC 60 is a remote management device that communicates with one or more LED light fixtures operating within Current's Daintree Controls system.    (https://images.salsify.com/images/bekxmdrjnnveansfiiyd/DT117-Current-Daintree-Wireless-Area-Controller-WAC60-Install-Sheet.pdf).

36.     Current's installation instructions for the WA100-PM confirm that this component is "mounted inside the fixture in the ballast/driver channel," *i.e.*, internal to the light fixture. (https://images.salsify.com/images/zpkh1lpbqtcvf06zwfly/DT113-Current-Daintree-Wireless-Fixture-Adapter-WA100-PM-Install%20Sheet.pdf)).

37.     The WA-100 PM is integrated with the light fixture because it (1) "enables open, standards based ZigBee wireless control communications" for LED lighting fixtures, (2) includes a 15A relay to switch its connected lighting ballasts/drivers and circuits, and (3) provides 0-10V output     to     control     one     or     more     dimmable     ballasts/drivers." (https://images.salsify.com/images/ymflhg0fpwb59gipsfdk/DT016-Daintree-WA100-PM-Wireless-Adapter-SpecSheet.pdf).

38.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional lighting control systems that infringe the '753 Patent in a similar manner as the representative Daintree Controls, including at least Current's LightGrid™ outdoor wireless controls (https://www.gecurrent.com/controls-sensors/lightgrid).

39.     Current markets, offers to sell, sells, and distributes the Daintree Controls and additional lighting control systems, and will continue to do so, knowing the same to be especially

made or especially adapted for use in an infringement of the '753 Patent. The Daintree Controls and Current's other infringing control systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

40.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '753 Patent. Current's infringement of the '753 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

41.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '753 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT 2

### (Infringement of U.S. Pat. No. 8,186,855)

42.     ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

43.     Current has infringed and continue to infringe one or more claims of the '855 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a). Current has actively induced infringement of the '855 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

44.     Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1 of the '855 Patent at least by making, using, offering to

sell, importing, and/or selling linear LED lighting fixtures, including at least the Lumination®
LUS fixture. For example, upon information and belief, Current manufactures, imports, sells and
offers to sell the Lumination LUS fixtures and similar infringing LED lighting fixtures
(collectively, "Linear Fixtures") in the Unites States, and encourages distributors to sell, offer to
sell and use, and encourages Current's customers to use, the Linear Fixtures (often in combination
with Current's Daintree Controls) in the United States with knowledge that the Linear Fixtures
infringe the '855 Patent. ALSI provided direct notice of Current's infringement of the '855 Patent
to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint.
Current offers to sell the Linear Fixtures in this district and, to the extent that it continues to do so
after being served with this Complaint, does so with the knowledge that the use of the Linear
Fixtures infringes and with the intent for its distributors and/or customers to use the Linear Fixtures
in an infringing manner.

45.    The Linear Fixtures are illumination devices that satisfies each of the limitations of
at least claim 1 of the '855 Patent.

46.    For example, as shown below, the Lumination LUS fixture has a housing ("a central
body") whose top inner surface faces the illumination direction.



47.    The Lumination LUS fixture includes a replaceable "light engine" containing LED strips with multiple LEDs on each strip:

**LEDs**



48.    The LEDs on the Lumination LUS fixture are connected to the housing ("central body"):

**Central Body**                              **Light Engine LEDs**



49.    The illuminating portion of the LUS's LEDs connect to the central body's heat sink:

**Heatsink**



50.     The LEDs are "oriented in the illumination direction" as shown here:



51.     The Lumination LUS fixture has an angled, slotted reflector that attaches to the central body and directly surrounds the light emitting portions of the LEDs. A visual inspection confirms this segment has a reflective surface that directs light from the LEDs in the illumination direction:

**Reflector (linear view):**



52.     The Lumination LUS fixture's reflector extends from the central body adjacent to the LEDs, and has a first side and a second, separate side opposing the first side. The reflector's sides extend along a longitudinal axis of the Lumination LUS fixture:



53.     The central body has a projecting hook portion extending substantially parallel to the reflector:



**Hook**

54.     The Lumination LUS fixture has a diffuser that connects into the projecting hook portion of the central body.

55.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '855 Patent in a similar manner as the representative Lumination LUS fixture, including at least the light fixtures advertised on Current's website. (https://www.gecurrent.com/indoor-lighting/low-bay-led-lights).

56.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '855 Patent.  Current's infringement of the '855 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

57.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '855 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

<u>COUNT 3</u>

**(Infringement of U.S. Pat. No. 9,699,854)**

58.     ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

59.     Current has infringed and continue to infringe one or more claims of the '854 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).   Current has actively induced infringement of the '854 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

60.     Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1 of the '854 Patent at least by making, using, offering to sell, importing, and/or selling roadway and street light fixtures, including at least its portfolio of Evolve® LED luminaires for streets and roadways ("Evolve Luminaires"). For example, upon information and belief, Current manufactures, imports, sells and offers to sell the Evolve Luminaires and similar infringing LED lighting fixtures for street and roadway use (collectively, "Roadway Luminaires") in the United States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the Roadway Luminaires in the United States with knowledge that the Roadway Luminaires infringe the '854 Patent. ALSI provided direct notice of Current's infringement of the '854 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the Roadway Luminaires in this district and, to the extent that it continues to do so after being served with this Complaint, does



so with the knowledge that the use of the Roadway Luminaires infringe and with the intent for its distributors and/or customers to use the Roadway Luminaires in an infringing manner.

61.     The Roadway Luminaires are light emitting diode (LED) lighting arrangements for a lighting fixture that satisfy each of the limitations of at least claim 1 of the '854 Patent.

62.     For example, as shown below, the Evolve Luminaires have an aluminum housing, *i.e.*, a base plate, that includes a raised portion underneath the luminaire's LED lighting strip:

**Front Side of Base Plate (Inner Housing)**          **Raised Portion**



63.     The Evolve Luminaires have a lighting strip coupled to the base plate by screws (circled in red below). The lighting strips have light emitting diodes (LEDs) arranged along a substantially planar surface of the lighting strip:



64.     The Evolve Luminaires have at least one reflector sheet with a first multi-faceted side wall that extends along an entire length of the lighting strip.  The reflector sheet has a first edge adjacent a first side of the lighting strip and extending at an angle along an entire length of the lighting strip:

 

65.     As shown above, the reflector sheets in the Evolve Luminaires have a second multi-faceted side wall extending along an entire length of the lighting strip.  The second side wall has a first edge adjacent a second, opposite side of the lighting strip at an angle that extends along an entire length of the lighting strip.

66.     Both the first and second multi-faceted side walls extend away from the lighting strip at an angle.  The sidewalls are capable of causing light produced by the Evolve Luminaires LEDs to be amplified and formed into a uniform beam. (https://images.salsify.com/images/jd78iecqdf2uyxest783/OLP3186-Evolve-Outdoor-Portfolio-Brochure.pdf).

67.     The base plate and the lighting strip in the Evolve Luminaires are coupled together by screws and in direct physical contact with one another (as shown above), such that heat

generated by the LEDs is conducted from the lighting strip to the base plate and transferred to the ambient environment.

68.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '854 Patent in a similar manner as the representative Evolve Luminaires, including at least the light fixtures advertised on Current's website. (https://www.gecurrent.com/outdoor-lighting/led-roadway-street-lights).

69.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '854 Patent.  Current's infringement of the '854 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

70.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '854 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT 4

### (Infringement of U.S. Pat. No. 8,322,881)

71.     ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

72.     Current has infringed and continue to infringe one or more claims of the '881 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  Current has actively induced

infringement of the '881 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

73.     Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1 of the '881 Patent at least by making, using, offering to sell, importing, and/or selling roadway and street light fixtures, including at least its portfolio of Evolve® LED luminaires for streets and roadways ("Evolve Luminaires"). For example, upon information and belief, Current manufactures, imports, sells and offers to sell the Evolve Luminaires and similar infringing LED lighting fixtures for street and roadway use in the United States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the Evolve Luminaires in the United States with knowledge that the Evolve Luminaires infringe the '881 Patent. ALSI provided direct notice of Current's infringement of the '881 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the Evolve Luminaires in this district and, to the extent that it continues to do so after being served with this Complaint, does so with the knowledge that the use of the Evolve Luminaires infringe and with the intent for its distributors and/or customers to use the Evolve Luminaires in an infringing manner.

74.     The Evolve Luminaires are light emitting diode (LED) lighting arrangements for a lighting fixture that satisfy each of the limitations of at least claim 1 of the '881 Patent.

75.     The Evolve Luminaires have a lighting strip with multiple LED's each with a light emitting portion:



76.     Evolve Luminaires include reflectors formed from a single, flat sheet of material, and bent to form a flat (substantially planar) base member that runs the length of the LED lighting strip as shown above. The reflectors include a pair of integral, multi-faceted (i.e., multi-angled) sidewalls extending away from opposite sides of the base member at an angle.

77.     The reflectors in Evolve Luminaires are mounted to the lighting strip, and their sidewalls run the entire length of the lighting strip.

78.     The reflector sidewalls extend away from a bottom portion of the light emitting portion of each of the LEDs.

79.     The reflector sidewalls are capable of causing light produced by the Evolve Luminaires LEDs to be amplified and formed into a uniform beam.

80.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '881 Patent in a similar manner as the representative Evolve Luminaires, including at least the light fixtures advertised on Current's website (https://www.gecurrent.com/outdoor-lighting/led-roadway-street-lights).

81.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '881 Patent.  Current's infringement of the '881 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

82.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive

relief and damages as a result of Current's infringement of the '881 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

## COUNT 5

### (Infringement of U.S. Pat. No. 8,722,114)

83.    ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

84.    Current has infringed and continues to infringe one or more claims of the '114 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  Current has actively induced infringement of the '114 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

85.    Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, at least claim 1of the '114 Patent at least by making, using, offering to sell, importing, and/or selling indoor light fixtures, including at least its portfolio of Albeo® LED High Bay fixtures ("Albeo Fixtures"). For example, upon information and belief, Current manufactures, imports, sells and offers to sell the Albeo Fixtures and similar infringing LED lighting fixtures in the United States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the Albeo Fixtures in the United States with knowledge that the Albeo Fixtures infringe the '114 Patent.  ALSI provided direct notice of Current's infringement of the '114 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the Albeo Fixtures in this district and, to the extent that it continues to do so after being served with this Complaint, does so with the knowledge that the use of the Albeo Fixtures infringe and with the intent for its distributors and/or customers to use the Albeo Fixtures in an infringing manner.

86. The Albeo Fixtures are illumination devices for providing light in an illumination direction that satisfy each of the limitations of at least claim 1 of the '114 Patent.

87. The Albeo Fixtures have a central body having a surface facing the illumination direction.



88. The central body includes a first heat dissipating mechanism (e.g., the fins pictured below) for allowing heat to dissipate through a central portion of the central body:



89. The Albeo Fixtures have first and second groups of Light Emitting Diodes (LEDs) connected to the central body. The groups of LEDs are spaced apart from each other.

90. As shown above, the Albeo Fixtures have a second heat dissipating mechanism that includes openings formed in the central body:

91.     The Albeo Fixtures have a first and second reflector. The first reflector extends from the central body adjacent to the first group of LEDs for directing light from the first group of LEDs in the illumination direction. The second reflector also extends from the central body adjacent to the second group of LEDs for directing light from the second group of LEDs in the illumination direction. (https://images.salsify.com/images/ckmdhxl6s5edopiz7l8f/ALB061-LED-Albeo-ABV3-High-Bay-Lighting-Spec-Sheet.pdf).

92.     Heat generated by the first and second groups of LEDs is dissipated through the central body via the fins behind the illumination portion of the first and second groups of LEDs.

93.     The openings in the Albeo Fixtures' central body provide for fluid flow cooling of the first and second groups of LEDs

94.     The Albeo Fixtures' heat dissipating mechanisms (fins and openings) allow heat to dissipate between the reflectors

95.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '114 Patent in a similar manner as the representative Albeo Fixtures, including at least the Albeo ABC series LED light fixtures advertised on Current's website. (https://www.gecurrent.com/indoor-lighting/high-bay-led-lights/albeo-abclight)

96.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '114 Patent. Current's infringement of the '114 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

97.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '114 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**COUNT 6**

**(Infringement of U.S. Design Pat. No. D612,088)**

98.     ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

99.     Current has infringed and continues to infringe the claim of the '088 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a). Current has actively induced infringement of the '088 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

100.     Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, claim 1 of the '088 Patent at least by making, using, offering to sell, importing, and/or selling LED light fixtures, including the Lumination LIS series of indoor LED fixtures ("LIS"). For example, upon information and belief, Current manufactures, imports, sells and offers to sell the LIS fixture and similar infringing LED lighting fixtures in the United States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the LIS fixture in the United States with knowledge that the LIS fixture infringes the '088 Patent. ALSI provided direct notice of Current's infringement of the '088 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the LIS fixture in this district and, to the extent that it continues to do so after being served

with this Complaint, does so with the knowledge that the use of the LIS fixture infringes and with the intent for its distributors and/or customers to use the LIS fixture in an infringing manner.

101. The LIS fixture embodies each element of the claim of the '088 Patent. The LIS fixture infringes the '088 Patent because the overall appearance of the design of the LIS fixture and the '088 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of the LIS fixture and the '088 Patent to be substantially the same.

102. Exhibit H attached hereto shows a side by the comparison of the exemplary figures from the '088 Patent and exemplary photographs of Current's LIS fixture.

103. On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '088 Patent in a similar manner as the representative LIS Fixture, including at least the light fixtures advertised on Current's website.

104. Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '088 Patent. Current's infringement of the '088 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

105. Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '088 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

## COUNT 7

### (Infringement of U.S. Design Pat. No. D650,508)

106.    ALSI repeats and re-alleges all the allegations above as if fully set forth herein.

107.    Current has infringed and continues to infringe the claim of the '508 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing devices without authority in violation of 35 U.S.C. § 271(a).  Current has actively induced infringement of the '508 Patent, and continues to induce infringement, without authority in violation of 35 U.S.C. § 271(b).

108.    Current has and continues to infringe, directly and indirectly, literally and under the doctrine of equivalents, claim 1 of the '508 Patent at least by making, using, offering to sell, importing, and/or selling LED light fixtures, including the Lumination LIS series of indoor LED fixtures ("LIS"). For example, upon information and belief, Current manufactures, imports, sells and offers to sell the LIS fixture and similar infringing LED lighting fixtures in the United States, and encourages distributors to sell, offer to sell and use, and encourages Current's customers to use, the LIS fixture in the United States with knowledge that the LIS fixture infringes the '508 Patent.  ALSI provided direct notice of Current's infringement of the '508 Patent to Current by letter dated November 15, 2021 and delivered prior to the filing of the Complaint. Current offers to sell the LIS fixture in this district and, to the extent that it continues to do so after being served with this Complaint, does so with the knowledge that the use of the LIS fixture infringes and with the intent for its distributors and/or customers to use the LIS fixture in an infringing manner.

109.    The LIS fixture embodies each element of the claim of the '508 Patent. The LIS fixture infringes the '508 Patent because the overall appearance of the design of the LIS fixture

and the '508 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of the LIS fixture and the '508 Patent to be substantially the same.

110.     Exhibit I attached hereto shows a side by the comparison of the exemplary figures from the '508 Patent and exemplary photographs of Current's LIS fixture.

111.     On information and belief, Current makes, uses, sells, offers to sell and/or imports into the United States additional LED lighting fixtures that infringe the '508 Patent in a similar manner as the representative LIS Fixture, including at least the light fixtures advertised on Current's website.

112.     Current has committed and continues to commit acts of infringement that Current knew or should have known constituted an unjustifiably high risk of infringement of the '508 Patent. Current's infringement of the '508 Patent has been and continues to be deliberate and willful, entitling ALSI to an award of treble damages, reasonable attorney's fees, and costs in bringing this action.

113.     Current's direct and indirect infringement has caused and is continuing to cause damage and irreparable injury to ALSI. ALSI will continue to suffer damage and irreparable injury until that injury is enjoined by this Court. ALSI is entitled to preliminary and permanent injunctive relief and damages as a result of Current's infringement of the '508 Patent in accordance with 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

## PRAYER FOR RELIEF

WHEREFORE, ALSI prays that this Court grant the following relief:

a)     An order adjudging and decreeing that Current has infringed one or more claims of the Asserted Patents;

b)     A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the Asserted Patents by Current, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

c)     An order directing Current to account for and pay to ALSI all damages caused to ALSI by reason of Current's patent infringement, pursuant to 35 U.S.C. §§ 284 and 289, and that interest and costs be assessed against Current;

d)     A declaration that Current's infringement was and is willful from the time it became aware of the infringing nature of its products and an award of treble damages for the period of such willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

e)     A declaration that this case is exceptional and an award of attorneys' fees and costs under 35 U.S.C. § 285; and

f)     For all other relief the Court deems just and proper.

## JURY DEMAND

ALSI hereby demand a trial by jury of all issues so triable.

DATED: November 16, 2021.

Respectfully submitted,

By: */s/ Mark D. Siegmund*
Thomas G. Southard (pro hac vice pending)
Brian S. Seal (pro hac vice pending)
Taft Stettinius & Hollister LLP
200 Massachusetts Ave.
Suite 400
Washington, D.C. 20001
(202) 664-1544
tsouthard@taftlaw.com
bseal@taftlaw.com

Mark D. Siegmund
State Bar No. 24117055
Email: mark@swclaw.com

Craig D. Cherry
State Bar No. 24012419
Email: craig@swclaw.com
Justin Allen
State Bar No. 24081977
Email: justin@swclaw.com
**STECKLER WAYNE COCHRAN
CHERRY, PLLC**
8416 Old McGregor Road
Waco, Texas   76712
Telephone:  (254) 651-3690
Facsimile:  (254) 651-3689

*Attorneys for ALSI Holdings, LLC*