## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **ALSI HOLDINGS, LLC,** | |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | **CASE No. 6:21-cv-01187-ADA** |
| **CURRENT LIGHTING SOLUTIONS, LLC, d/b/a GE CURRENT, A DAINTREE COMPANY,** | |
| **HLI SOLUTIONS, INC., f/k/a HUBBELL LIGHTING, Inc., both d/b/a HUBBELL CONTROL SOLUTIONS and/or CURRENT,** | |
| Defendants. | |

### PLAINTIFF ALSI HOLDINGS, LLC'S
### SUR-REPLY CLAIM CONSTRUCTION BRIEF

**TABLE OF CONTENTS**

I.  ARGUMENT ........................................................................................................ 1

    A.  U.S. Patent No. 8,322,881 ("the '881 Patent") ....................................... 1

        1.  "a pair of integral multi-faceted side walls that extend from opposite sides of the base member at an angle," Claim 1 ................................................... 1

    B.  U.S. Patent No. 9,699,854 ("the '854 Patent") ....................................... 1

        1.  "the first and second multi-faceted side walls extend away from the lighting strip at an angle," Claim 1 ............................................... 1

    C.  U.S. Patent No. 8,721,114 ("the '114 Patent") ....................................... 5

        1.  "a first [second] reflector extending from the central body adjacent to the first [second] group of LEDs for directing light from the first [second] group of LEDs in the illumination direction," Claim 1 ............................. 5

    D.  U.S. Patent No. 9,049,753 ("the '753 Patent") ....................................... 6

        1.  "a communication component positioned between the power supply device and the light source," Claim 1 ......................................... 6

II.  CONCLUSION ................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*01 Communique Lab'y, Inc. v. LogMeIn, Inc.*,
  687 F.3d 1292 (Fed. Cir. 2012) ..................................................................................... 2

*Aeritas, LLC v. Finnair OYI*,
  No. 6:20-cv-00639-ADA, ECF No. 43 (W.D. Tex. July 5, 2021) ......................................... 6, 7

*CAO Lighting, Inc. v. Light Efficient Design,*
  No. 17 C 7359, 2019 WL 1468139 (N.D. Ill. Apr. 3, 2019) ....................................................... 6

*Fintiv, Inc. v. Apple Inc.*,
  No. 6:21-cv-00926-ADA, ECF No. 86 (W.D. Tex. Nov. 27, 2019) ............................................ 7

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ..................................................................................... 3

*Thorner v. Sony Computer Entm't Am. LLC,*
  669 F.3d 1362 (Fed. Cir. 2012) ..................................................................................... 1

*TiVo, Inc. v. EchoStar Commc'ns Corp.*
  516 F.3d 1290 (Fed. Cir. 2008) ..................................................................................... 2

*Tyco Fire Prod. LP v. Reliable Automatic Sprinkler Co.*
  2011 WL 1884013 (E.D. Pa. May 17, 2011) .......................................................................... 2

There are only two exceptions to the rule that claim terms should be given their plain and ordinary meaning: "(1) when the patentee … acts as his or her own lexicographer or (2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution." *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). Neither exception applies here. Accordingly, the disputed claim terms of U.S. Patent Nos. 9,699,854 ("'854 Patent), 8,322,881 ("'881 Patent"), 8,721,114 ("'114 Patent"), and 9,049,753 ("'753 Patent") should receive their plain and ordinary meaning as set forth in Plaintiff ALSI Holdings, LLC's ("ALSI") Responsive Claim Construction Brief (DN 55, "Pl. Resp. Br.").

## I.      ARGUMENT

### A.      U.S. Patent No. 8,322,881 ("the '881 Patent")

#### 1.      "a pair of integral multi-faceted side walls that extend from opposite sides of the base member at an angle," Claim 1

| ALSI'S Proposed Construction | Defendants' Proposed Construction |
| --- | --- |
| No construction necessary<br><br>Plain and ordinary meaning | "a pair of integral multi-faceted side walls that extend from opposite sides of the base member at *the same* angle" (emphasis added) |

### B.      U.S. Patent No. 9,699,854 ("the '854 Patent")

#### 1.      "the first and second multi-faceted side walls extend away from the lighting strip at an angle," Claim 1

| ALSI'S Proposed Construction | Defendants' Proposed Construction |
| --- | --- |
| No construction necessary<br><br>Plain and ordinary meaning | "the first and second multi-faceted side walls extend away from the lighting strip at *the same* angle" (emphasis added) |

Defendants argue that the term "at an angle" in reference to both sidewalls means the same degree of angle for both side walls. *See* DN57, Defendants' Reply On Claim Construction ("Def.

1

Reply Br."), at 2-3. Nothing in the claim language suggests such a limited construction.[1]  Absent clear intent to limit "a" or "an" to "one" or the same, the term "at an angle" should be construed in accordance with its plain and ordinary meaning. *See 01 Communique Lab'y, Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012); Pl. Resp. Br. at 3-4.

Contrary to Defendants' argument, the *LogMeIn* rule does not apply only when "a" or "an" modifies an object (e.g., location facility), as opposed to a relationship (e.g., at an angle). *See* 687 F.3d at 1297; Def. Reply Br. at 3. Nothing in *TiVo, Inc. v. EchoStar Commc'ns Corp.* compels a different conclusion. 516 F.3d 1290, 1303-05 (Fed. Cir. 2008).

*TiVo* involved the disputed claim phrase "wherein said Output Section assembles said video and audio components into *an MPEG stream*." *Id.* at 1303 (emphasis added). In construing the "assembles" limitation as covering only the assembly of the components into a single, interleaved MPEG stream, the Court explained that the context of the claim (i.e., plain language and written description) "clearly indicates that two separate components are assembled into a single stream, not that the video components are assembled into one stream and the audio components into a second stream." *Id.* Here, unlike in *TiVo*, no two components are being reassembled into a single component. *Id.*; *see also Tyco Fire Prod. LP v. Reliable Automatic Sprinkler Co.* 2011 WL 1884013, at *2–5 (E.D. Pa. May 17, 2011) (no clear intent to limit the meaning of "bent" to a single angle "greater than 20 degrees"); Pl. Resp. Br. at 4.

Further, as ALSI noted in its responsive brief, dependent Claim 6 of the '854 Patent and Dependent Claim 7 of the '881 Patent are directed to side-walls that are "symmetrical about an axis of symmetry that runs through a center of the base member." Pl. Resp. Br. at 5. Under the doctrine of claim differentiation, the court should find that the corresponding independent claims

---

[1] Defendants state that "grammar plainly requires" their proposed construction but fail to point to any specific rule of grammar to support their position.  Def. Reply Br. at 2.

can have asymmetric side-walls, e.g., that each side-wall forms a different initial angle with the base. *See* Pl. Resp. Br. at 5; *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1324–25 (Fed. Cir. 2005) (reversing the district court's narrow construction of the independent claim term "baffle" as "extend[ing] inward from the steel shell walls at an oblique or acute angle to the wall face" because certain dependent claims already limited "baffle" as proposed, rendering the corresponding independent claim as broader).

Ignoring claim differentiation, Defendants contend that symmetrical about an axis of symmetry merely requires the same initial angle for both side walls and allows for other subsequent variation between the two walls, e.g., in another angle in the side walls or in the shape (flat vs. arcuate) of the walls. *See* Def. Reply Br. at 4. There is no support in the patents or justification in Defendants' brief for this overly complicated and restrictive reading.

Defendants also contend that because Claim 7 of the '854 Patent and Claim 9 of the '881 Patent recite "first angle" and "second angle" (referring to angles formed *within* the same side-wall), the patentee knew how to claim multiple angles. Defendants concede, however, that the "'[f]irst' and 'second' terminology would not, of course, require two different angles …." *See* DN 54, Defendants' Opening Claim Construction Brief ("Def. Open. Br."), at 7, n.3.

In their Reply brief, Defendants question Plaintiff's reliance on the '854 Patent's Figure 15, claiming the figure is not drawn to scale. Def. Reply Br. at 5. Specifically, Defendants rely on an expert declaration stating that if Figure 15 was drawn to scale, the side-wall angles "would be different from the ones assumed by ALSI's expert Dr. Bretschneider." *See* DN 57-1, Declaration of Jack Josefowicz, Ph. D. ("Josefowicz Decl."), at ¶ 26. Tellingly, Defendants' experts' declaration is silent as to whether the two angles *would have been the same* if the figure were to

scale. *Id.*; Declaration of Eric Bretschneider, Ph.D. in Support of Plaintiff's Sur-reply Claim Construction Brief ("Bretschneider Sur-reply Decl."), at ¶¶ 7-10, 14.

Defendants' expert does not seriously challenge Dr. Bretschneider's conclusion that asymmetric side-walls can create an asymmetric beam. *See* Def. Reply Br. at 5; Josefowicz Decl., at ¶¶ 30-36; Bretschneider Sur-reply Decl., at ¶ 16.   A person of ordinary skill in the art (POSITA) would thus still understand Figure 15 as teaching a reflector design having asymmetric side-walls. *See* Pl. Resp. Br. at 7-9; Bretschneider Sur-reply Decl., at ¶¶ 7-13, 15.[2]

The evidence suggests a POSITA would read the '854 Patent, including Figure 15, to cover asymmetric side-walls that form different initial angles with the base. *See* Declaration of Eric Bretschneider, Ph.D. in Support of Plaintiff's Responsive Claim Construction Brief ("Bretschneider Responsive Decl."), at ¶¶ 26-30, 34-35 (stating that street lights typically require reflector side walls forming different angles with the base member/lighting strip). Accordingly, the '854 Patent's claim terms should receive their plain and ordinary meaning. No construction is necessary.

---

[2] Dr. Josefowicz claims that factors other than asymmetric side-walls could create an asymmetric beam. Josefowicz Decl., at ¶¶ 30-36. But he does not inform the Court about the disadvantages of those factors. Bretschneider Sur-reply Decl., at ¶¶ 17-27. Nor does he challenge Dr. Bretschneider's conclusion that asymmetric side-walls could create an asymmetric beam. Josefowicz Decl., at ¶¶ 30-36; Bretschneider Sur-reply Decl., at ¶ 8.

**C.**      **U.S. Patent No. 8,721,114 ("the '114 Patent")**

**1.**      **"a first [second] reflector extending from the central body adjacent to the first [second] group of LEDs for directing light from the first [second] group of LEDs in the illumination direction," Claim 1**

| ALSI'S Proposed Construction | Defendants' Proposed Construction |
|---|---|
| No construction necessary.<br><br>Plain and ordinary meaning. | "a first [second] reflector extending from the central body adjacent to the first [second] group of LEDs for directing light *only* from the first [second] group of LEDs in the illumination direction" (emphasis added) |

Nothing in the '114 Patent's specification suggests this claim term should be given anything other than its plain and ordinary meaning. Contrary to Defendants' statements, there is no clear intent to limit each reflector in the '114 Patent to "directing light *only* from" one group of LEDs. Nor does anything in the specification or the prosecution history show a clear and unmistakable disavowal of claim scope.

In their reply brief, Defendants contend, for the first time based on the claims' plain language, that the phrase "for directing light from the first [second] group of LEDs in the illumination direction" implies that one reflector reflects light from *only* one group of LEDs. *Compare* Def. Reply Br. at 8-9 *with* Def. Open. Br. at 10-17. Defendants offer no real support for their strained and narrow interpretation.

Rather, Defendants state that the specification passages ALSI cited in its brief refer only to "the *orientation* of the LEDs and the specific *shape* of the reflectors." Def. Reply Br. at 9. The orientation and shape of the reflectors, however, impact whether light rays from a group of LEDs may hit, directly or indirectly, another reflector not associated with that LED group. *See* Bretschneider Sur-reply Decl., at ¶ 30.

Defendants contend that all LEDs on one side of the reflector form one group of LEDs and all LEDs on the other side form another group. *See* Def. Reply Br. at 9; Josefowicz Decl. at ¶ 40. In support, Defendants cite their expert's opinion that "'groups of LEDs' are defined by the reflector with which they are associated, i.e., the reflector that reflects light from the LEDs." Josefowicz Decl. at ¶ 40. But neither the plain language of the claims nor the patent's written description provides such a definition. *See* Bretschneider Sur-reply Decl. at ¶¶ 31-39.

The claim's plain language permits multiple groups of LEDs per reflector side, as shown in Figure 2. *Id.* The discussion of Kaszuba in the prosecution history file does not alter this conclusion, and Defendants do not seriously contend otherwise. *See* Def. Open. Br. at 16; Pl. Resp. Br. at 14; Bretschneider Sur-reply Decl. at ¶¶ 33-36; *see also CAO Lighting, Inc. v. Light Efficient Design,* No. 17 C 7359, 2019 WL 1468139, at *4 (N.D. Ill. Apr. 3, 2019) (finding that patentee *distinguished* a prior art reference, but did not *disclaim* claim scope).

The '114 Patent claim terms should receive their plain and ordinary meaning. No construction is necessary.

### D. U.S. Patent No. 9,049,753 ("the '753 Patent")

#### 1. "a communication component positioned between the power supply device and the light source," Claim 1

| ALSI'S Proposed Construction | Current and Hubbell's Proposed Construction |
| --- | --- |
| No construction necessary.<br><br>Plain and ordinary meaning. | "a communication component *electrically* positioned between the power supply and the light source" (emphasis added) |

A claim should not be construed by adding "superfluous" words that "could create unnecessary confusion for … a juror." *See Aeritas, LLC v. Finnair OYI*, No. 6:20-cv-00639-ADA, ECF No. 43, at 7-8 (W.D. Tex. July 5, 2021).

Defendants contend that adding the word "electrically" to qualify the term "positioned" will prevent jury confusion but, for the reasons stated in ALSI's responsive brief, the phrase "a communication component positioned between the power supply device and the light source" is readily understandable to a lay juror. *See* Def. Reply Br. at 13-14; Pl. Resp. Br. at 21-24. Defendants' proposed modification will render confusing what is otherwise a simply and clear-to-understand claim phrase.

In *Aeritas*, this Court declined to construe "transaction" as "an exchange of payment for goods or services" because "the claim itself sufficiently define[d] the word 'transaction' and that a [POSITA] would be able to sufficiently explain this to a jury if the question arises." *See* No. 6:20-cv-00639-ADA, ECF No. 43, at 8; *see also Fintiv, Inc. v. Apple Inc.*, No. 6:21-cv-00926-ADA, ECF No. 86, at 12 (W.D. Tex. Nov. 27, 2019) ("[B]ecause 'software' may be redundant with 'application'—and thus potentially confusing to a jury—the Court uses 'software' in its construction.").

There is nothing esoteric about "positioned between" requiring the addition of a superfluous word. The '753 Patent's claim terms should receive their plain and ordinary meaning. No construction is needed.

## II.    CONCLUSION

For the foregoing reasons, ALSI respectfully requests that the Court rule that none of the claim terms and phrases disputed by Defendants require construction and that they are understandable based on their plain and ordinary meanings.

DATED:  August 8, 2022                 Respectfully submitted,

                                       By: /s/ *Mark D. Siegmund*
                                       Thomas G. Southard (*Pro Hac Vice*)
                                       Brian S. Seal (*Pro Hac Vice*)
                                       Shaun D. Gregory (*Pro Hac Vice*)
                                       **TAFT STETTINIUS & HOLLISTER LLP**
                                       200 Massachusetts Ave., Suite 400
                                       Washington, D.C. 20001
                                       Tele: (202) 664-1537
                                       Fax: (202) 664-1586
                                       tsouthard@taftlaw.com
                                       bseal@taftlaw.com
                                       sgregory@taftlaw.com

                                       R. Eric Gaum (*Pro Hac Vice*)
                                       **TAFT STETTINIUS & HOLLISTER LLP**
                                       200 Public Square Suite 3500
                                       Cleveland, OH  44114-2302
                                       Tele: (216) 706-3871
                                       Fax: (216) 241-3707
                                       egaum@taftlaw.com

                                       Jaimin H. Shah (*Pro Hac Vice*)
                                       **TAFT STETTINIUS & HOLLISTER LLP**
                                       111 E. Wacker Dr, Ste 2800
                                       Chicago, IL 60601
                                       Tele: (312) 836-4171
                                       Fax: (312) 527-4011
                                       jshah@taftlaw.com

                                       Mark D. Siegmund
                                       State Bar No. 24117055
                                       Craig D. Cherry
                                       State Bar No. 24012419
                                       Justin Allen
                                       State Bar No. 24081977
                                       **STECKLER WAYNE CHERRY & LOVE, PLLC**
                                       8416 Old McGregor Road
                                       Waco, Texas   76712
                                       Tele:  (254) 651-3690
                                       Fax:  (254) 651-3689
                                       mark@swclaw.com
                                       craig@swclaw.com
                                       justin@swclaw.com

8

*Attorneys for Plaintiff*
*ALSI Holdings, LLC*

9

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically

to all counsel of record, on this 8th day of August 2022, via the Court's CM/ECF system.

Thomas W. Cunningham
John P. Rondini
Frank A. Angileri
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tele: (248) 358-4400
Fax: (248) 358-3351
tcunningham@brookskushman.com
jrondini@brookskushman.com
fangileri@brookskushman.com

Attorneys for Defendants


                                    _/s/ Mark D. Siegmund_____
                                    Mark D. Siegmund

10