**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **ALSI HOLDINGS, LLC.,** | |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | **CASE No. 6:21-cv-01187-ADA** |
| **CURRENT LIGHTING SOLUTIONS, LLC, d/b/a GE CURRENT, A DAINTREE COMPANY, and** | |
| **HLI SOLUTIONS, INC., f/k/a HUBBELL LIGHTING, INC., both d/b/a HUBBELL CONTROL SOLUTIONS and/or CURRENT,** | |
| Defendants | |

**DEFENDANTS' MOTION FOR LEAVE TO PROVIDE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING AND TO ADJOURN THE AUGUST 29, 2022 *MARKMAN* HEARING DATE**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................... 1

III.   ARGUMENTS ................................................................................................ 6

      A.     Defendants' request complies with this Court's Order Governing Procedures – OGP 4.1 (Dkt. #39) ............................................................. 6

      B.     Defendants could not have foreseen a dispute regarding the term "*first heat dissipating mechanism*" ...................................................... 6

      C.     The law requires claim construction disputes be addressed by the Court prior to trial ................................................................................. 8

IV.   CONCLUSION ............................................................................................... 9

## I.      INTRODUCTION

On August 5, 2022, ALSI Holdings, LLC ("ALSI") served a supplemental infringement chart for U.S. Patent No. 8,721,114 (the "'114 patent"). As explained below, Defendants Current Lighting Solutions, LLC and HLI Solutions, Inc. ("Defendants")[1] believe ALSI's supplemental chart raises a new infringement theory for the first time, and that new theory raises a claim construction issue for the "*first heat dissipating mechanism*" limitation required by the '114 patent claims.   Defendants could not raise the claim construction issue during the scheduled claim construction briefing because it arose after the parties completed the briefing.   Defendants raised the new claim construction issue with ALSI last week, but the parties could not reach agreement on a construction nor a procedure for raising the construction dispute.[2]

Defendants therefore ask the Court for an expedited and abbreviated briefing schedule to address the proper construction of the "*first heat dissipating mechanism*" limitation.   Defendants believe it would be more efficient to adjourn the *Markman* hearing (currently scheduled for August 29, 2022) until after the abbreviated briefing is complete, but of course defer to the Court on that question.

## II.     FACTUAL BACKGROUND

The asserted '114 patent claims require among other things a "*first heat dissipating mechanism*" and a "*second heat dissipating mechanism*." (Dkt. 1, ¶¶88, 90.) On January 31, 2022, ALSI served its preliminary infringement contentions (Ex. 1), which included a 17-page claim

---

[1] The '114 patent is only asserted against Current Lighting Solutions, LLC. For procedural economy, HLI Solutions joins this motion.

[2] Defendants met-and-conferred with ALSI on August 16, 2022, regarding the disputed term. ALSI stated it opposes the relief sought.

chart for the '114 patent ("ALSI's Preliminary Chart") (Ex. 2). As reproduced below, ALSI's

Preliminary Chart identified "fins" as satisfying the "*first heat dissipating mechanism.*"[3]



**Ex. 2, pgs. E1-E2, E4.**

ALSI's Preliminary Chart identified a series of "evenly-spaced openings" in the middle

section/portion of the accused "Albeo Fixture" as satisfying the "*second heat dissipating*

*mechanism.*"

---

[3] ALSI's complaint also identified just the "fins" as satisfying the "*first heat dissipating mechanism.*" (Dkt. 1, ¶88, 92, 94.)

| | | |
|---|---|---|
| [1C] a second heat dissipating mechanism including one or more openings formed in the central body or in the attachment feature; | October 1, 2007 | As shown above in element [1A], the central body of the Albeo Fixtures has a middle section ("a second heat dissipating mechanism") with evenly-spaced opening running the length of the central body ("openings formed in the central body"). |
| 16. The illumination device of claim 1, wherein the one or more openings include at least one slotted opening. | October 1, 2007 | As shown above in element [1C], the central body of the Albeo Fixtures has a middle section with evenly-spaced slotted openings running the length of the central body. |

**Ex. 2, pgs. E2, E14.**

On August 1, 2022, Defendants completed their portion of the claim construction briefing. (Dtk. #57.)  Four days later, on August 5, 2022, ALSI sent a supplemental infringement chart for the '114 Patent ("ALSI's Supplemental Chart"). (Ex. 3, 8/5/2022 email from Gregory to Cunningham; Ex. 4 – Supplemental '114 Chart).

ALSI's Supplemental Chart addressed new products not previously charted and included many new figures with annotations for various limitations that were not included in ALSI's Preliminary Chart. (Ex. 4 – Supplemental '114 Chart, pg. E1.) For instance, ALSI's Supplemental Chart (reproduced below) now identifies three portions of the product – including a "central portion" not previously identified – as satisfying the "*first heat dissipating mechanism*."  ALSI's Supplemental Chart alternatively continues to identify the "fins" as satisfying the "*first heat dissipating mechanism*" for certain accused products.

| [1B] including a first heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body; | | The Albeo Luminaires have a first heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body. The central body, including a central portion, of the Albeo Luminaires is formed from a combination of steel and aluminum, which serves as a heat sink. |
| --- | --- | --- |



In addition, the Albeo® LED Luminaire ABV1 series (shown below) and ABV2 (not shown) series include a first heat dissipating mechanism that also includes fins as pictured below.

**Ex. 4, pg. E3-E6**

4

ALSI's Supplemental Chart also highlighted (below right) a series of "openings" located on the outer portions (as opposed to the middle section/portion) as now satisfying the "*second heat dissipating mechanism.*"



**Ex. 4, pgs. E7-E9**

Thus, ALSI's Preliminary Chart had previously identified "fins" as satisfying the "*first heat dissipating mechanism.*"  ALSI's Supplemental Chart now identifies a central portion **and**

portions on both sides as satisfying the "*first heat dissipating mechanism.*" ALSI's Preliminary

Contentions never identified these portions as satisfying the "*first heat dissipating mechanism.*"

### III.   ARGUMENTS

**A.   Defendants' request complies with this Court's Order Governing Procedures – OGP 4.1 (Dkt. #39)**

Defendants have tried to be as focused as possible on claim construction issues in this case.

Because ALSI asserts seven (7) patents (*see* Ex. 1), OGP 4.1 allowed Defendants a 40-page

opening claim construction brief (Dkt. #39, pg. 8), but Defendants used only 21 pages. (Dkt. #54.)

OGP 4.1 allows 12 terms for construction, but Defendants raised only 5 terms for construction.

(Dkt. #59.)

Defendants ask this Court for briefing on one additional term (for a total of six, still well

below this Court's OGP 4.1 limit).  To address this additional term, Defendants request a three (3)

page supplemental brief raising its opening brief page count from 21 to 24 pages (also below this

Court's OGP 4.1 limit).  Thus, Defendants' request does not modify any of the OGP 4.1 limits

pertaining to claim construction.

Defendants believe claim construction would proceed most efficiently if the *Markman*

hearing currently scheduled for August 28, 2022 is extended briefly, but will brief and argue the

new term separately if the Court prefers.

**B.   Defendants could not have foreseen a dispute regarding the term "*first heat dissipating mechanism*"**

In pre-filing meet-and-confer exchanges, ALSI asserted that Defendants included the term

"*first heat dissipating mechanism*" in the proposed terms served April 2022. (Ex. 5, pg. 2).  While

that is true, Defendants chose not to raise the term because it tried to focus on terms that absolutely

needed construction.  Based on ALSI's Preliminary Chart, Defendants did not believe the "*first heat dissipating mechanism*" term needed construction.

ALSI's supplemental contentions now includes two infringement theories. *First*, ALSI alleges a "central portion" meets the "*first heat dissipating mechanism*" for certain accused products. *Second*, ALSI alleges a "fin" on the accused "ABV1" and "ABV2" also meets the "*first heat dissipating mechanism*."





**Ex. 4, pg. E3-E6**

ALSI's Supplemental Chart now alleges *two* infringement theories for different accused products. Not only did ALSI's Preliminary Contentions not include the newly raised infringement theories, the preliminary claim chart actually identified the middle section/portion (shown below)

as satisfying the "*second heat dissipating mechanism*" not the "*first heating dissipating mechanism*" as ALSI now alleges.



**Ex. 2, pgs. E2, E14 (*see also* E4)**

Thus, ALSI's newly added contention has just recently raised a claim construction dispute that did not previously exist.

## C.    The law requires claim construction disputes be addressed by the Court prior to trial

ALSI opposes Defendants' request and has stated there exists no law that (1) a party may request construction of new terms; or (2) a court can postpone a *Markman* hearing.  Defendants disagree.

Concerning ALSI's first objection, courts have recognized and allowed "parties to request additional claim construction after construing claims." *Ecolab, Inc. v. Paraclipse, Inc*., 2008 WL 3413808, at *3 (D. Neb. Aug. 8, 2008).  And as explained above, Defendants' request for an additional term still will not exceed this Court's limits set forth in OGP 4.1.

On ALSI's second objection, Defendants believe ALSI's Supplemental Chart has raised a new dispute that did not exist before claim construction in this case began. Regardless, the Federal Circuit has emphasized that despite the litigation stage, a district court must construe all disputed

terms before they reach the jury. *See O2 Micro Int'l Ltd. v. Beyond Innovation, et al.*, 521 F.3d 1351, 1362–63 (Fed. Cir. 2008) ("[W]hen the parties raise an actual dispute regarding the proper scope of the [] claims, the court, not the jury, must resolve that dispute.... When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.") Defendants believe judicial efficiency will be promoted by postponing the current *Markman* hearing date to allow the parties to address the disputed "*first heat dissipating mechanism*." But Defendants recognize that other courts have held "multiple *Markman* hearings" and would therefore defer to the Court if it would rather have a separate hearing to address the disputed "*first heat dissipating mechanism*" claim limitation. *See e.g.*, *Ecolab*, 2008 WL 3413808 at *3.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request leave to provide supplemental claim construction briefing and to adjourn the *Markman* hearing until the briefing is complete.

DATED:  August 22, 2022                     Respectfully submitted,

By: /s/ *John P. Rondini*
Frank A. Angileri (MI-P45611)
Thomas W. Cunningham (MI-P57899)
John P. Rondini (MI-P72254)
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
(248) 358-4400/ F: (248) 358-3351
tcunningham@brookskushman.com
jrondini@brookskushman.com

Jennifer Parker Ainsworth
WILSON, ROBERTSON & CORNELIUS, P.C.
908 ESE Loop 323, Suite 400
Tyler, TX 75701
jainsworth@wilsonlawfirm.com

*Attorneys for Defendants*

9

## CERTIFICATE OF CONFERENCE

Pursuant to LR CV-7(g), on August 16, 2022, counsel for Current Lighting conferred with counsel for ALSI in a good faith effort to resolve the issue of whether the plaintiff would agree to supplemental claim construction briefing and adjourning the August 29, 2022 *Markman* hearing date.  The parties disagreed on August 18, 2022, thus necessitating this motion.

*/s/ John P. Rondini*
John P. Rondini

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via ECF pursuant to the Federal Rules of Civil Procedure as follows:

| | |
|---|---|
| Thomas G. Southard (pro hac vice pending) Brian S. Seal (pro hac vice pending) Taft Stettinius & Hollister LLP 200 Massachusetts Ave. Suite 400 Washington, D.C. 20001 (202) 664-1544  tsouthard@taftlaw.com bseal@taftlaw.com | Mark D. Siegmund - State Bar No. 24117055 Craig D. Cherry - State Bar No. 24012419 Justin Allen - State Bar No. 24081977 STECKLER WAYNE COCHRAN CHERRY, PLLC 8416 Old McGregor Road Waco, Texas 76712 Telephone: (254) 651-3690 Facsimile: (254) 651-3689  mark@swclaw.com craig@swclaw.com justin@swclaw.com |

*/s/ John P. Rondini*
John P. Rondini

10