## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **ALSI HOLDINGS, LLC,** | |
| Plaintiff | |
| v. | **CASE No. 6:21-cv-01187-ADA** |
| **CURRENT LIGHTING SOLUTIONS, LLC, d/b/a GE CURRENT, A DAINTREE COMPANY,** | |
| **HLI SOLUTIONS, INC., f/k/a HUBBELL LIGHTING, Inc., both d/b/a HUBBELL CONTROL SOLUTIONS and/or CURRENT,** | |
| Defendants. | |

**PLAINTIFF ALSI HOLDINGS, LLC'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT**

## I.    INTRODUCTION

The Court should deny the Defendants' eleventh-hour attempt to supplement their claim constructions and derail the upcoming *Markman* hearing. Defendants want the Court to adjourn the upcoming *Markman* hearing that has been on the calendar since June 1ˢᵗ and to allow them to now suddenly argue, for the first time, that the term "first [second] heat dissipating mechanism" is a means-plus-function element. As justification, Defendants point to recently amended infringement contentions, which were requested by Defendants themselves.

Whether new or amended contentions were raised or not, there is no justification for this last minute change of construction. If the "first [second] heat dissipating mechanism" is properly construed as a means-plus-function element (it is not), then it would have been so from the start, and Plaintiff's infringement contentions did not suddenly turn the element into a means-plus-function element. If Defendants thought the term was subject to 35 U.S.C. § 112, ¶ 6, then they should have been raised and briefed from the start. Having failed to assert this basis long ago, Defendants should be held to have waived the argument, and their motion for leave denied.

## II.    FACTUAL BACKGROUND

As noted by Defendants, the asserted '114 patent claims require among other things a "*first heat dissipating mechanism*" and a "*second heat dissipating mechanism.*" (Dkt. 60, p. 1). Defendants have been aware of these claim limitations since at least as early as November 16, 2021, the filing date of the original complaint. (Dkt. 1). ALSI served Defendants with its preliminary infringement contentions for the '114 patent, among others, on January 31, 2022. (Ex. A, abbreviated and directed only to the '114 patent). Defendants knew from the preliminary infringement contentions that ALSI did not consider the "first [second] heat dissipation mechanism" limitations to be means-plus-function elements.

Despite this knowledge, on March 28, 2022, Defendants served their preliminary invalidity contentions without a single reference to any limitation of the '114 patent claims being subject to 35 U.S.C. § 112, ¶ 6. (Ex. B, abbreviated and directed only to the '114 patent). It is not that Defendants didn't know they needed to address any means-plus-function elements. They referred to § 112, ¶ 6 in their invalidity contentions in a general, boilerplate manner. (Ex. B, pg. 30) ("Furthermore, means plus function claims, which invoke 35 U.S.C. § 112, ¶ 6…"). But Defendants never mention § 112, ¶ 6 in their invalidity contentions specifically directed to the '114 patent or the phrase "first [second] heat dissipation mechanism." (Ex. B, claim chart).

On April 11, 2022, Defendants identified claim terms that they believed needed construction, which included "a central body…including a first heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body" in claim 1 of the '114 patent; "wherein heat generated by the first and second groups of LEDs is dissipated through the central body via the first heat dissipating mechanism" in claim 1; and "the other heat dissipation mechanism in claim 19. (Ex. C, pg. 2) (emphasis added). On June 13, 2022, Defendants served their proposed claim constructions, which no longer included any reference to the "first [second] heat dissipation mechanism" limitations. (Ex. D).

On June 27, 2022, Defendants filed their opening claim construction brief, which failed to address the "first [second] heat dissipating mechanism" limitations. (Dkt. 54). Almost a month later, on July 11, 2022, Defendants asked ALSI to supplement its preliminary infringement contentions related to the '114 patent. Defendants had ALSI's preliminary infringement contentions since January 31, 2022 and could have requested supplementation earlier. In fact, the parties had spent the last two months going back and forth on supplemental infringement contentions on the '854, '811, and '753 patents. (Ex. E, in relevant part only).

At any point in this process, Defendants could have sought supplementation of the '114 patent. Instead, they waited until ALSI had met all of their numerous requests related to the '854, '811, and '753 patents to finally ask for supplementation. *Id.* ("We will stipulate to amend those charts [referring to the '854, '811, and '753 patents], provided that Exhibit E for U.S. Patent No. 8,722,114 is amended to provide more specificity as well."). Despite the fact that Defendants had months and months to raise the issue of whether the "first [second] heat dissipating mechanism" limitations are governed by § 112, ¶ 6, they have sought relief from the Court at the last possible moment.

## III.    ARGUMENT

### A.  A means-plus-function term or phrase must always be construed by the Court

Claim construction of a means-plus-function limitation includes two steps. First, the court must determine the claimed function. Second, the court must identify the corresponding structure in the written description of the patent that performs that function. *Applied Med. Res. Corp. v. United States Surgical Corp.*, 448 F.3d 1324, 1332 (Fed. Cir. 2006). A district court's determination of the claimed function and corresponding structure of a means-plus-function claim limitation is a question of law. *Id.*

There is no plain and ordinary meaning for a means-plus-function limitation. Only after a court determines the claimed function and identifies the corresponding structure can the jury be instructed as to what a means-plus-function limitation covers. If the "first [second] heat dissipating mechanism" elements are means-plus-function limitations, then they have always been means-plus-function limitations and should have been addressed by Defendants long ago. These terms always required construction if, in fact, they were means-plus-function. ALSI's infringement contentions have no bearing on the necessity of construing a means-plus-function element.

3

Defendants never thought the "first [second] heat dissipating mechanism" elements were subject to § 112, ¶ 6 earlier, waived any argument to the contrary, and should not be permitted to suddenly change their mind at the last minute.

### B. Defendants had nearly seven months to raise this claim construction issue

A party seeking to modify a case schedule must show "good cause." *See* Fed. R. Civ. P. 16(b)(4); *accord Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *4 (E.D. Tex. July 11, 2018). Good cause does not exist when a party shows "extreme tardiness" in raising a dispute. *See Seven Networks*, 2018 WL 4501952, at *3.

Here, Defendants could have raised the new claim term for construction based on ALSI's preliminary infringement contentions, served January 31, 2022. Defendant Current Lighting's April 11, 2022 list of proposed terms for construction indeed included the claim phrase it now proposes to construe. (Ex. C). But the phrase was subsequently dropped in Defendants' Proposed Claim Constructions, served June 13, 2022, and thereafter never briefed. (Ex. D). It would be improper to now raise a dispute and inject delay into the *Markman* process, especially when the hearing is scheduled to take place in less than a week.

District courts have struck proposals to construe terms for being too late. *See Automatic Equip. Mfg. Co. v. Danko Mfg., LLC*, No. 8:19-CV-162, 2020 WL 1182006, at *1–2 (D. Neb. Mar. 12, 2020) (striking a proposed claim term for being added untimely); *Seven Networks*, 2018 WL 4501952, at *3 (striking claim terms proposed five months late); *Lippert Components Mfg., Inc. v. Morryde Int'l Inc.*, No. 3:16-CV-264, ECF No. 94, at 9-10 (N.D. Ind. May 26, 2016) (precluding a party from raising additional claim constructions for withholding those positions during the early claim construction exchanges); *Intell-A-Check Corp. v. Autoscribe Corp.*, No. 01–CV–4625(WJM), ECF No. 95, at 5 (D.N.J. Sep. 22, 2004) (precluding a party from construing

4

additional claim terms for "fail[ure] to articulate any good faith basis for not raising these claim terms earlier").[1] And in *Ecolab, Inc. v. Paraclipse, Inc.*, cited by Defendants, the court ruled that the defendant had waived its claim construction for an additional term because the construction could have been raised during the first *Markman* hearing. *See* No. 8:97 CV 304, 2008 WL 3413808, at *3–4 (D. Neb. Aug. 8, 2008).

ALSI even agreed to significantly extend the case schedule after HLI Solutions, Inc. was added as a defendant. (Dkt. 42, 50). That extension provided Defendants several additional months to consider its claim construction positions. To be sure, issues sometimes come up during fact and expert discovery requiring additional claim constructions, and a court may be asked to enter a supplemental claim construction later. But that is not the case here.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for leave to supplement its claim construction briefing and other requested relief should be denied.

DATED:  August 23, 2022                    Respectfully submitted,

By: /s/ *R. Eric Gaum*
Thomas G. Southard
Brian S. Seal (*Pro Hac Vice*)
Shaun D. Gregory (*Pro Hac Vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
200 Massachusetts Ave., Suite 400
Washington, D.C. 20001
Tele: (202) 664-1537
Fax: (202) 664-1586
tsouthard@taftlaw.com
bseal@taftlaw.com
sgregory@taftlaw.com

---

[1] Defendants cite *O2 Micro Int'l Ltd. v. Beyond Innovation, et al.* but that case did not involve a belated request to construe an additional claim term or a postponement of a *Markman* hearing. *See* 521 F.3d 1351, 1362–63 (Fed. Cir. 2008).

5

R. Eric Gaum
**TAFT STETTINIUS & HOLLISTER LLP**
200 Public Square Suite 3500
Cleveland, OH  44114-2302
Tele: (216) 706-3871
Fax: (216) 241-3707
egaum@taftlaw.com

Jaimin H. Shah (*Pro Hac Vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr, Ste 2800
Chicago, IL 60601
Tele: (312) 836-4171
Fax: (312) 527-4011
jshah@taftlaw.com

Mark D. Siegmund
State Bar No. 24117055
Craig D. Cherry
State Bar No. 24012419
Justin Allen
State Bar No. 24081977
**STECKLER WAYNE CHERRY & LOVE,
PLLC**
8416 Old McGregor Road
Waco, Texas   76712
Tele:  (254) 651-3690
Fax:  (254) 651-3689
mark@swclaw.com
craig@swclaw.com
justin@swclaw.com

*Attorneys for Plaintiff*
*ALSI Holdings, LLC*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2022 a true and correct copy of the

foregoing document was served upon all counsel of record via email pursuant to the Federal Rules

of Civil Procedure as follows:

Thomas W. Cunningham
John P. Rondini
Frank A. Angileri
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tele: (248) 358-4400
Fax: (248) 358-3351
tcunningham@brookskushman.com
jrondini@brookskushman.com
fangileri@brookskushman.com

Attorneys for Defendants


    */s/  R. Eric Gaum*
     R. Eric Gaum