**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **ALSI HOLDINGS, LLC,**<br>                    **Plaintiff,**<br><br>*v.*<br><br>**CURRENT LIGHTING SOLUTIONS,**<br>**LLC d/b/a GE CURRENT, A DAINTREE**<br>**COMPANY and**<br><br>**HLI SOLUTIONS, INC. f/k/a HUBBELL**<br>**LIGHTING, INC. d/b/a HUBBELL**<br>**CONTROL SOLUTIONS and/or**<br>**CURRENT,**<br>                    **Defendants.** | **6:21-cv-01187-ADA** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Came on for consideration this date is the Opposed [Corrected] Motion to Transfer Venue, filed January 27, 2022, by Defendants Current Lighting Solutions, LLC d/b/a GE Current, a Daintree Company ("Current") and HLI Solutions, Inc. f/k/a Hubbell Lighting, Inc. d/b/a Hubbell Control Solutions and/or Current ("HLI"). ECF No. 19 (the "Motion"). After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **DENIES** the Motion.

**I. BACKGROUND**

On November 16, 2021, Plaintiff ALSI Holdings, LLC ("ALSI") sued Current in this Court. ECF No. 1 (the "Complaint"). ALSI is organized and has its principal place of business in Pennsylvania. ECF No. 1 ¶ 2. Current is organized in Delaware and has its principal place of business in Cleveland, Ohio. *Id.* ¶ 12. The Complaint accused Current of infringing U.S. Patent Nos. 9,049,753 (the "'753 patent"), 9,699,854 (the "'854 patent"), 8,322,881 (the "'881 patent"), 8,186,855 (the "'855 patent"), and 8,721,114 (the "'114 patent") and U.S. Design Patent Nos. D612,088 (the "'088 patent") and D650,508 (the "'508 patent") (collectively, the "Asserted

Patents"). ECF No. 1 (the "Complaint"). According to the Complaint, Current infringes the Asserted Patents "by making, using, selling, importing, and offering to sell LED lighting devices and LED lighting control systems and components." *Id.* ¶ 26. More specifically, the Complaint alleges that:

- Current's Daintree WA100-PM Wireless Adapter infringes the '753 patent. *Id.* ¶ 29.

- Current's Lumination LUS fixture and similar fixtures infringe the '855 patent. *Id.* ¶ 44.

- Current's Evolve LED luminaires infringe the '854 and '881 patent. *Id.* ¶¶ 60, 73.

- Current's Albeo LED High Bay fixtures infringe the '114 patent. *Id.* ¶ 85.

- Current's Lumination LIS fixture and similar fixtures infringe the '088 and '508 patents. *Id.* ¶¶ 100, 108.

On January 26, 2022, Current filed its original opposed motion to transfer, seeking transfer of this action to the U.S. District Court for the Northern District of Ohio under 28 U.S.C. § 1404(a). ECF No. 18. A day later, it filed the corrected Motion. ECF No. 19. On February 8, 2022, as the parties were conducting limited venue discovery, ALSI filed an amended complaint. ECF No. 20. Then, on March 22, 2022, ALSI filed a second amended complaint that, as far as the Court can tell, generally incorporates all the allegations in the Complaint while also HLI as a defendant. ECF No. 32 (the "SAC").

According to Current, Current is a subsidiary of Current Lighting HoldCo, LLC, a holding company that also owns a portion of HLI's lighting business. ECF No. 46 at 1 n.1. HLI is organized in Connecticut and has its principal place of business in South Carolina. ECF No. 32 ¶ 13. The SAC alleges, "on information and belief," that (1) HLI and Current Lighting "are being operated

as if they are one in the same," (2) that HLI "is the alter ego" of Current, and (3) that HLI "functions solely to achieve the purposes" of Current, "the dominant corporate entity." *Id.* ¶¶ 24–26. ALSI accuses HLI of infringing the '753 patent by making, using, offering to sell, importing, and/or selling "wireless lighting controls systems, including at least 'wiSCAPE' wireless lighting controls." *Id.* ¶ 63.

On May 11, 2022, ALSI filed its opposition to the Motion to transfer; nowhere in its opposition did it argue that Current had not satisfied the threshold question of the transfer inquiry under 28 U.S.C. § 1404(a). ECF No. 43. On May 25, 2022, Current and HLI filed a reply in which HLI indicated it joined HLI's Motion to transfer. ECF No. 46 at 1. On May 31, 2022, ALSI's counsel contacted the Court to request leave to file a sur-reply addressing how HLI affects the threshold question of the transfer inquiry. The next day, the Court granted that leave and leave for Current and HLI (the "Defendants") to file a sur-sur-reply. On June 3, 2022, ALSI filed it sur-reply and on June 9, 2022, Defendants file their sur-sur-reply. ECF Nos. 51, 52.

Defendants' Motion, ECF No. 19, is ripe for judgment.

## II. LEGAL STANDARD

In patent cases, motions to transfer under § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)).

The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The weight the Court gives to each of these assorted convenience factors will necessarily vary from case to case. *See Burbank Int'l, Ltd. v. Gulf Consol. Int'l, Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977). A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a

movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient. *Volkswagen II*, 545 F.3d at 314 n.10. While "clearly more convenient" is not explicitly equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show that that factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III. ANALYSIS

To satisfy § 1404(a)'s preliminary question, the movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2022 WL 958384, at *5 (W.D. Tex. Mar. 25, 2022). A defendant does not satisfy this burden by merely consenting to jurisdiction in the transferee forum. *See Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L.Ed.2d 1254 (1960). And the defendant cannot, only for purposes of satisfying § 1404(a), concede that jurisdiction in the transferee forum is proper while simultaneously "maintaining that jurisdiction is legally improper in [the transferee forum] and reserving its right to seek dismissal" on that ground once transfer is complete. *Monolithic Power Sys.*, 2022 WL 958384, at *5; *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.").

ALSI argues that Defendants have failed to meet their burden and show that ALSI could have brought this Action in the Northern District of Ohio ("NDOH") at least because there has

been no showing that venue is proper as to HLI in the NDOH. ECF No. 51 at 1. In its Motion, Current contends that venue was proper in the NDOH under 28 U.S.C. § 1400(b) as to Current because Current "maintains its headquarters, conducts its business, and employs a supermajority of its employees in the [NDOH]." ECF No. 19-1 at 5. ALSI has not disputed that venue is proper as to Current. Defendants have not, however, made an affirmative showing that venue is proper as to HLI in the NDOH. Rather, Current seeks only to hold ALSI to the SAC's allegations that HLI is Current's alter ego, meaning Current's contacts with the NDOH may be imputed to HLI and, therefore, venue is proper as to Current *and* HLI in the NDOH. ECF No. 52 at 2.

### A.     The SAC's Allegations Are Not Judicial Admissions

The only proper venue for a claim for patent infringement is "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As this Court recently explained, one corporate co-defendant's regular and established place of business may be imputed to another corporate co-defendant if the lines between them "have become so blurred that the [two] become one" such that one is the alter ego of the other. *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 U.S. Dist. LEXIS 103059, at *11 (W.D. Tex. June 1, 2022) (citing *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 595 (E.D. Tex. 2019)); *see also TrackThings LLC v. Amazon.com, Inc.*, No. 6:21-CV-720-ADA, 2022 WL 1462204, at *3 (W.D. Tex. May 9, 2022) ("Venue may be imputed from a subsidiary to a parent under an alter-ego or veil-piercing theory." (citing *Celgene Corp. v. Mylan Pharmaceuticals Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021)). "Because the alter ego issue is not unique to patent law, . . . court[s] appl[y] the law of the regional circuit." *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004).

According to Defendants, ALSI "judicially admitted" that HLI is Current's alter ego, and that admission necessarily leads to the conclusion that venue is proper as to HLI in the NDOH. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id.* "Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Morales v. Department of Army*, 947 F.2d 766, 769 (5th Cir. 1991) (internal quotation marks omitted). Moreover, "only 'deliberate, clear and unequivocal' statements can constitute conclusive judicial admissions." *In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992) (quoting *Backar v. Western States Producing Co.*, 547 F.2d 876, 880 n. 4 (5th Cir. 1977)). Again, the SAC alleges, "on information and belief," that (1) HLI and Current Lighting "are being operated as if they are one in the same," (2) that HLI "is the alter ego" of Current, and (3) that HLI "functions solely to achieve the purposes" of Current, "the dominant corporate entity." ECF No. 32 ¶¶ 24–26. In Defendants' view, these allegations are admissions that ALSI cannot contest to defeat transfer. The Court disagrees on the three following grounds.

First, these allegations cannot be judicial admissions because they are legal conclusions. "Judicial admissions . . . typically concern only matters of fact." *Blankenship v. Buenger*, 653 F. App'x 330, 335 & n.15 (5th Cir. 2016) (quoting *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997)). Courts within the Sixth Circuit, within which the transferee venue sits, have described the alter-ego relationship as a question of law.[1] For example, in *Cleveland Thermal*

---

[1] *See M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 972 (S.D. Ohio 2019) (characterizing the allegation, "The Days Inn by Wyndham Defendants are alter egos, representatives, agents, or co-conspirators of Defendant Wyndham," as a legal conclusion); *Ferron v. Metareward, Inc.*, 698 F. Supp. 2d 992, 1006 (S.D. Ohio 2010) (describing how facts underlie

*Steam Distribution, LLC v. Carlyle Leader, LLC*, the NDOH construed the following allegations to be legal conclusions: "Carlyle Leader is the alter ego of [the other two Defendants]"; and "[the other two Defendants'] control of Carlyle Leader was so complete that Carlyle Leader had no separate mind, will, or existence of its own." No. 1:14-CV-02709, 2015 U.S. Dist. LEXIS 58265, at *10 (N.D. Ohio May 4, 2015). The allegations at issue here are strikingly similar. Moreover, Defendants objected to the allegation that HLI is Current Lighting's alter ego "to the extent it seeks a legal conclusion." ECF No. 37 at 9–10; ECF No. 38 at 9–10.

Second, even if these allegations are factual assertions, this Court joins other courts in expressing skepticism that allegations made on "information and belief," like those here, are binding judicial admissions.[2] As one court has recently put it:

---

the "legal conclusion" of alter-ego status); *H.H v. G6 Hosp., LLC*, No. 2:19-CV-755, 2019 U.S. Dist. LEXIS 211090, at *15 (S.D. Ohio Dec. 6, 2019) ("Plaintiff's Complaint does contain mere legal conclusions such as 'Defendant Motel 6 Columbus is an alter ego, representative, agent, or co-conspirator of Defendant G6' . . . ."); *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, No. 2:15-CV-2044, 2017 U.S. Dist. LEXIS 35502, at *9 (S.D. Ohio Mar. 13, 2017) ("Ackison's veil piercing claim is rife with such legal conclusions."); *JPMorgan Chase Bank, N.A. v. G7 Productivity Sys.*, No. 2:08-cv-339, 2012 U.S. Dist. LEXIS 172441, at *21 (S.D. Ohio Dec. 5, 2012) (characterizing alter-ego status as a "legal conclusion"); *see also United States v. TDC Mgmt. Corp.*, 827 F.3d 1127, 1132 (D.C. Cir. 2016) ("Whether the corporate form may be disregarded is ultimately 'a question of law.'" (citation omitted)); United States v. Funds Held ex rel. Wetterer, 210 F.3d 96, 106 (2d Cir. 2000) ("The district court's legal conclusion that the Asociacion was Wetterer's alter ego is reviewed de novo."); *Galgay v. Beaverbrook Coal Co.*, 105 F.3d 137, 142 (3d Cir. 1997) (describing the alter-ego question as legal); *Poyner v. Lear Siegler, Inc.*, 542 F.2d 955, 959 (6th Cir. 1976) ("Whether it is appropriate to disregard the corporate entity . . . [is] clearly [a] question[] of law.").

[2] *See Cluff v. United States Customs & Border Prot.*, No. 21cv115-L-LL, 2021 U.S. Dist. LEXIS 174655, at *7 (S.D. Cal. Sep. 14, 2021) (declining to construe an allegation made on information and belief as a judicial admission); *Carl E. Woodward, LLC v. Acceptance Indem. Co.*, Civil Action No. 1:09cv781-LG-RHW, 2011 U.S. Dist. LEXIS 3121, at *11 (S.D. Miss. Jan. 12, 2011) ("The Court finds that the statement included in Acceptance's Answer does not constitute a binding judicial admission, because it was based on information and belief."); *Corinth Inv'rs Holdings v. Evanston Ins. Co.*, No. 4:13-CV-682, 2014 U.S. Dist. LEXIS 118008, at *6 n.1 (E.D. Tex. Aug. 24, 2014).

> [T]here is no common understanding among judges and lawyers as
> to what it means to plead something on "information and belief." On
> one extreme, lawyers sometimes use "information and belief" to
> mean something like "I hope this is true, but I really have no idea."
> On the other extreme, lawyers sometimes use "information and
> belief" to mean "I have a lot of evidence that this is true, but I'm not
> absolutely certain." Most information-and-belief pleading falls
> between these extremes.

*Cole v. Does*, 571 F. Supp. 3d 1033, 1040 (D. Minn. 2021). In alleging that HLI is Current's alter

ego on "information and belief," ALSI effectively submits that it has reason to believe HLI is

Current's alter ego while conceding that it likely does not yet have enough information to prove

it. If ALSI is even making a factual assertion, it is not a factual assertion that HLI is Current's alter

ego, it is an assertion that ALSI has a belief that HLI is Current's alter ego. In addition, if pleading

"HLI is Current's alter ego" is a factual assertion, prefacing that assertion with "on information

and belief" is an equivocation; it expresses some degree of doubt as to the truth of the fact asserted.

That, therefore, disqualifies it from being a judicial admission. *See Corland*, 967 F.2d at 1074.

Accordingly, the Court will not deem these information-and-belief allegations to be judicial

admissions.

Third, the Court refuses to find that ALSI rendered these allegations intending to waive

Defendants' burdens or proof. "A statement made during the course of a lawsuit—even a statement

made in a pleading filed with the court—is a judicial admission only 'if it was made intentionally

as a waiver, releasing the opponent from proof of fact.'" *Mays v. Dir., Off. of Workers' Comp.

Programs*, 938 F.3d 637, 647 (5th Cir. 2019) (emphasis added). As far as the Court can tell, ALSI

did not allege an alter-ego relationship intending to release Defendants from their burden of

showing how venue is proper as to HLI in the NDOH under an alter-ego theory. Rather, ALSI

almost certainly made those allegations expecting to have to prove the alter-ego relationship over

the course of the case. The denials in the Defendants' answers to the SAC confirm that Defendants

dispute the alter-ego allegations and will, therefore, demand that ALSI prove them. *See* ECF No. 37 at 9–10; ECF No. 38 at 9–10. It is unclear to the Court how ALSI could intend to release Defendants from a proof of fact ALSI expected (and is expected) to bear the burden on.

For the foregoing reasons, the Court rejects the contention that the allegations Defendants identified are judicial admissions.

### B.    Defendants Have Not Satisfied the Threshold Question

Because Defendants relied *only* on the rejected judicial-admission theory to satisfy § 1404(a)'s threshold question, the Court denies Defendants' Motion to transfer without reaching the public and private interest factors. Defendants' sur-sur-reply requests, however, that the Court "in its discretion sever the case . . . and transfer Current Lighting to ND Ohio for the reasons raised in its opening and reply briefs." ECF No. 52 at 5. Defendants had never previously requested severance. As is evident from the recent decision in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), whether severance-and-transfer is appropriate is not a simple issue. It is, therefore, not reasonable for Defendants to expect the Court to agree to resolve severance when Defendants first raised it in the final paragraph of a sur-sur-reply in support of its motion to transfer. That is not an apt procedural vehicle. Defendants waived the severance issue and never sought to cure that waiver by, for example, seeking leave to file further briefing on the issue. The Court denies the requested severance on those grounds.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Transfer, ECF No. 19, is therefore **DENIED**. The Court's Clerk is further directed to **WITHDRAW** the motion at ECF No. 18.

SIGNED this 26th day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE