**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| **ALSI HOLDINGS, LLC.,** | C.A. No.  6:21-cv-01187-ADA |
| *Plaintiff,* | |
| **v.** | PATENT CASE |
| **CURRENT LIGHTING SOLUTIONS, LLC, d/b/a GE CURRENT, A DAINTREE COMPANY, and** | **JURY TRIAL DEMANDED** |
| **HLI SOLUTIONS, INC., f/k/a HUBBELL LIGHTING, INC., both d/b/a HUBBELL CONTROL SOLUTIONS and/or CURRENT,** | |
| *Defendants.* | |

## DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

Pursuant to this Court's September 8, 2022, Order (DN 66), Current Lighting Solutions, LLC and HLI Solutions, Inc. (collectively "Defendants") file this supplemental brief addressing the "first heat dissipating mechanism" of U.S. Patent No. 8,721,114 (the "'114 patent") (DN 1-5).

| U.S. Patent No. 8,721,114 | | |
|---|---|---|
| Claim | Term | Defendants' Proposed Construction |
| 1 | First heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body | means/step-plus-function clause under pre-AIA 35 USC 112, par. 6<br><br>**Function**: "allowing heat to dissipate through a central portion of the central body"<br><br>**Structure**: "a central chimney having a walled, open-ended channel defining the central portion of the central body" |

If a claim element does not recite the word "means," there is a rebuttable presumption that it is not a means-plus-function element. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (*en banc*). However, "[g]eneric terms such as 'mechanism,' … and other nonce words that reflect nothing more than verbal constructs may be used in a claim in a manner that is tantamount to using the word 'means' because they 'typically do not connote sufficiently definite structure' and therefore may invoke § 112, para. 6." *Id.* at 1350.

All five *Williamson* factors (discussed in DN 54 at pp. 2-3) favor invoking §112, ¶6, i.e.: (1) the claim term operates as a substitute for "means" by reciting a "black box recitation of structure" for a specified function; (2) "mechanism" is a well-known "nonce" word; (3) the prefix, "first heat dissipating," adds no structure; (4) the claim term has a "means-plus-function" format; and (5) the remaining claim language adds only function and not any structural character. See, DN 54 at brief pp. 2-3, discussing *Williamson*, 792 F.3d at 1349-51. Thus, the "first heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body" should be construed under §112, ¶6. *Media Rts. Techs., Inc. v. Cap. One Fin. Corp.*, 800 F.3d 1366, 1373 (Fed. Cir. 2015) ("We have never found that the term 'mechanism'—without more—

1

connotes an identifiable structure.")

The claimed function is clear from the claim language: "allowing heat to dissipate through a central portion of the central body." The specification does not use the term "first heat dissipating mechanism" and "clearly links" only one structure with the claimed function— "allowing heat to dissipate *through* a central portion of the central body"—namely, "a central chimney or heat sink that circulates air and removes heat from around the LEDs" (DN 1-5 at 7:19-21; Josefowicz Decl. at ¶4). See *Williamson*, 792 F.3d at 1352 ("Structure disclosed in the specification qualifies as 'corresponding structure' if the intrinsic evidence clearly links or associates that structure to the function recited in the claim."). The specification explains that this "central chimney" includes "a central open portion between the two chimney side pieces of the unit." (DN 1-5 at 7:21-23.) Figures 1 and 7 (below, graphics added) illustrate the "central chimney" (shaded pink) including its "two chimney side pieces" and the "central open portion" through which heat (red arrows) dissipates. (Josefowicz Decl. at ¶¶ 4-6.)



Plaintiff may argue that the doctrine of claim differentiation undercuts Defendants' corresponding structure position because dependent claims 5 and 6 state that the "first heat dissipating mechanism" comprises an "opening" and a "chimney," respectively. The Federal Circuit rejects that argument and holds instead that claim differentiation is maintained even where a dependent claim recites an independent claim's corresponding structure because the independent claim's scope includes equivalents (via §112, ¶6). *IMS Tech., Inc. v. Haas Automation, Inc.*, 206

F.3d 1422, 1431 (Fed. Cir. 2000); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991). Other dependent claims add structures that the specification contemplates may be added to the central chimney. For example, the specification states that the "chimney side piece may further include fins or a waffle effect on the top portion of the [chimney] plate" (DN 1-5 at 7:42-43)[1] and claim 17 states that the "first heat dissipating mechanism" comprises a "heat sink," which the patentee stated could include "a plurality of metal fins" (DN54-7 at 10-11; Josefowicz Decl., ¶¶5-6, 8).

The specification also discusses heat dissipation for an embodiment that employs a "housing 1002" (DN 1-5, 8:16, Figures 9-14) rather than a "central chimney." This embodiment does not clearly link any structures to the claimed function of "allowing heat to dissipate *through* a central portion of the central body," but instead discusses a different form of heat dissipation, namely from the inside of the enclosed housing to its outside. (DN 1-5, e.g., 8:53-55, 9:59-61; Josefowicz Decl., ¶10.)

In sum, the corresponding structure for the claimed "first heat dissipating mechanism" is a central chimney having a walled, open-ended channel defining the central portion of the central body, because that is the only described structure clearly linked to the claimed function of "allowing heat to dissipate through a central portion of the central body." *B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F. 3d 1419, 1425 (Fed. Cir. 1997).

DATED: September 12, 2022                    Respectfully submitted,

                                             By: */s/* John P. Rondini
                                             Frank A. Angileri (MI-P45611)
                                             Thomas W. Cunningham (MI-P57899)
                                             John P. Rondini (MI-P72254)

---

[1] The specification also identifies three structures that can be included with the open-channeled central chimney to "increase the amount of air circulation," i.e.: (1) "each chimney side piece may include openings above each LED," (2) "both ends of the device are open," and (3) using a "fan or other forced air circulation device." (DN 1-5 at 7:29-30, 35-36, 37-38; Josefowicz Decl., ¶7.)

BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
(248) 358-4400/ F: (248) 358-3351
fangileri@brookskushman.com
tcunningham@brookskushman.com
jrondini@brookskushman.com

Jennifer Parker Ainsworth
WILSON, ROBERTSON & CORNELIUS, P.C.
908 ESE Loop 323, Suite 400
Tyler, TX 75701
jainsworth@wilsonlawfirm.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 12, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via electronic mail to the addresses shown below:

| | |
|---|---|
| Thomas G. Southard<br>Brian S. Seal<br>Shaun D. Gregory<br>Taft Stettinius & Hollister LLP<br>200 Massachusetts Ave N.W., Suite 500<br>Washington, DC 20001<br>(202) 664-1545<br>tsouthard@taftlaw.com<br>bseal@taftlaw.com<br>sgregory@taftlaw.com<br><br>Jaimin Hemendra Shah (Pro Hac Vice)<br>Taft Stettinius & Hollister LLP<br>111 E. Upper Wacker<br>Chicago, IL 60601<br>Telephone: (312) 836-4171<br>jshah@taftlaw.com<br><br>Richard E. Gaum (Pro Hac Vice)<br>Taft Stettinius & Hollister LLP<br>200 Public Square, Suite 3500<br>Cleveland, OH 44114<br>Telephone: (216) 241-2838<br>Facsimile: (216) 241-3707<br>egaum@taftlaw.com | Mark D. Siegmund - State Bar No. 24117055<br>Craig D. Cherry - State Bar No. 24012419<br>Justin Allen - State Bar No. 24081977<br>STECKLER WAYNE COCHRAN<br>CHERRY, PLLC<br>8416 Old McGregor Road<br>Waco, Texas 76712<br>Telephone: (254) 651-3690<br>Facsimile: (254) 651-3689<br>mark@swclaw.com<br>craig@swclaw.com<br>justin@swclaw.com |

 /s/  John P. Rondini

5