### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **ALSI HOLDINGS, LLC,** | |
| Plaintiff, | |
| v. | **CASE No. 6:21-cv-01187-ADA** |
| **CURRENT LIGHTING SOLUTIONS, LLC, d/b/a GE CURRENT, A DAINTREE COMPANY**, and | |
| **HLI SOLUTIONS, INC., f/k/a HUBBELL LIGHTING, Inc., both d/b/a HUBBELL CONTROL SOLUTIONS and/or CURRENT**, | |
| Defendants. | |

### PLAINTIFF ALSI HOLDINGS, LLC'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF

The first question in a means-plus-function analysis is whether the disputed claim limitation is drafted in means-plus-function format. *Dyfan, LLC v. Target Corp.*, 28 F.4th 1360, 1367 (Fed. Cir. 2022). Here, because the word "means" does not appear in "heat dissipating mechanism," the Court must start with the presumption that § 112, ¶ 6 does not apply. *Id.*

Before going further, it is important to note Defendants' framing of the proposed term for construction: "first heat dissipating mechanism for allowing heat to dissipate through a central portion of the central body." Clearly, claim 1 of the '114 patent recites "a first heat dissipating mechanism," but it also recites "a second heat dissipating mechanism", *i.e.*, two heat dissipating mechanisms. Defendants' proposed phrase, plucked out of context from the surrounding claim language, has no application here. Rather, the correct term for § 112, ¶ 6 consideration is "heat dissipating mechanism".

To overcome the presumption that § 112, ¶ 6 does not apply, Defendants had to show that a POSITA would not have understood the "heat dissipating mechanism" term to connote structure in light of the claim as a whole. *Id.* One need look no further than Defendant Current's predecessor, GE Lighting Solutions, LLC, to see that a "heat dissipating mechanism" has long been understood by a POSITA as structure. In 2013, in an opening claim construction brief related to LED lighting patents, while arguing about heat generated by LEDs no less, GE quoted from its own prosecution history for U.S. Patent No. 6,799,864 filed in 2002, stating "[a]dvantageously, Applicants design pulls heat further from the lamp electronics and provides *a* more effective *heat dissipation*[1]

---

[1] There is no difference between a "heat dissipating mechanism" and a "heat dissipation mechanism." The claims of the '114 patent use the term "heat dissipating mechanism" while the specification refers to "heat dissipation." In addition, claim 19 uses both words interchangeably when it recites "wherein the other *heat dissipation mechanism* of the first and second *heat dissipating mechanisms* allows heat to dissipate…" (emphasis added).

*mechanism*." (Ex. 1)[2] (emphasis added).

GE Lighting Solutions is not the only POSITA to understand that a "heat dissipating mechanism" describes a class of structures. *Dyfan, LLC,* 28 F.4th at 1366 (claim terms can describe a class of structures and still recite sufficiently definite structure to not invoke § 112, ¶ 6). Multiple third-party patents predating the '114 patent use the term "heat dissipating mechanism" to convey structure. *See, e.g.,* U.S. Patent No. 7,034,450 (Ex. 2) ("A heat dissipating mechanism is provided…") (emphasis added); U.S. Patent Application Publication No. 2006/0285083 (Ex. 3), para. [0042] ("heat dissipation mechanisms, such as heat fins, heat sinks, and heat dissipation ducts can be used for the light source") (emphasis added).

GE's use of "heat dissipation mechanism" to describe one of its patents and similar uses in third party patents, all of which predate the '114 patent, directly rebut the conclusory testimony of Defendants' expert (DN 68-1, ¶ 3), further reinforcing that "heat dissipating mechanism" communicates known structure to a POSITA. (Bretschneider Decl. at ¶¶ 3-6).

Contrary to Defendants' argument, the phrase "for allowing heat to dissipate through a central portion of the central body" is not functional. It identifies the location in the fixture through which heat is being dissipated, i.e., the central portion of the central body, further distinguishing itself from the claimed second heat dissipating mechanism. A POSITA already knows that a "heat dissipating mechanism" is "for dissipating heat," thus rendering the latter phrase superfluous under Defendants' theory.

Further, by ignoring the second recitation of "heat dissipating mechanism," Defendants implicitly agree that the second recitation of "heat dissipating mechanism" in claim 1 is structure

---

[2] Cited exhibits referred to only as "Ex." are attached to the concurrently filed Declaration of R. Eric Gaum in Support of Plaintiff ALSI Holdings, LLC's Response to Defendants' Supplemental Claim Construction Brief.

that  does not require construction, *i.e.*, it should receive its plain and ordinary meaning,  thus contradicting their position on the first "heat dissipating mechanism."

The intrinsic record also undercuts Defendants' § 112, ¶ 6 argument. During prosecution, the patentee made clear that it never intended to claim "heat dissipating mechanism" as a means-plus-function claim.  *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1584 (Fed. Cir. 1996) ("…the element in question did not use conventional "means-plus-function" language, no other element of the claim was in means-plus-function form, and nothing cited to us from the prosecution history or elsewhere suggests that the patentee intended to claim in that fashion.") (emphasis added). As already noted, "heat dissipating mechanism" does not use conventional "means-plus-function" language, *i.e.*, "means." Nor does any other element of any of the claims in the '114 patent include means-plus-function form.

During prosecution of the '114 patent, the Applicant amended claim 35 (issued claim 1) to include the first and second "heat dissipating mechanisms" at issue. (Ex. 4, March 8, 2013 Amendment Under 37 C.F.R. 1.111, at 2). In response to the amendments the Examiner cited "openings" in the prior art Kaszuba reference, arguing that "[a] first opening of [a] plurality of openings [were] a first dissipating mechanism" and "a second opening of the plurality of openings [were] a second heat dissipating mechanism."  (Ex. 5, April 19, 2013 Office Action Summary, at 9) (emphasis added). Neither the Applicant nor the Examiner treated the "heat dissipating mechanisms" as means-plus-function.

For the foregoing reasons, Defendants have failed to overcome the presumption that § 112, ¶ 6 does not apply.[3]

---

[3] If the Court were to find that "heat dissipating mechanism" is a means-plus-function limitation, then the proper corresponding structure should be: one or more housing walls, plates, openings, chimneys, heat sinks, fins, and/or waffles. (DN1-5, claim 1, col. 7, ln. 19-48).

DATED:  September 16, 2022        Respectfully submitted,

By: /s/ *R. Eric Gaum*
Thomas G. Southard
Brian S. Seal (*Pro Hac Vice*)
Shaun D. Gregory (*Pro Hac Vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
200 Massachusetts Ave., Suite 500
Washington, D.C. 20001
Tele: (202) 664-1537
Fax: (202) 664-1586
tsouthard@taftlaw.com
bseal@taftlaw.com
sgregory@taftlaw.com

R. Eric Gaum
**TAFT STETTINIUS & HOLLISTER LLP**
200 Public Square Suite 3500
Cleveland, OH  44114-2302
Tele: (216) 706-3871
Fax: (216) 241-3707
egaum@taftlaw.com

Jaimin H. Shah (*Pro Hac Vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr, Ste 2800
Chicago, IL 60601
Tele: (312) 836-4171
Fax: (312) 527-4011
jshah@taftlaw.com

Mark D. Siegmund
State Bar No. 24117055
Craig D. Cherry
State Bar No. 24012419
Justin Allen
State Bar No. 24081977
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas   76712
Tele:  (254) 651-3690
Fax:  (254) 651-3689
mark@swclaw.com
craig@swclaw.com
justin@swclaw.com

*Attorneys for Plaintiff ALSI Holdings, LLC*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2022 a true and correct copy of the foregoing document was served upon all counsel of record via the Court's filing system and email pursuant to the Federal Rules of Civil Procedure as follows:

Thomas W. Cunningham
John P. Rondini
Frank A. Angileri
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tele: (248) 358-4400
Fax: (248) 358-3351
tcunningham@brookskushman.com
jrondini@brookskushman.com
fangileri@brookskushman.com

Attorneys for Defendants


      /s/  R. Eric Gaum
      R. Eric Gaum

5